**25 So.2d 593**

## UZZO v. LOUISIANA REAL ESTATE BOARD et al.

### No. 37901.

March 18, 1946.

J. Oliver Bouanchaud, of Baton Rouge, and Alfred D. Danziger, of New Orleans, for defendant-appellant.

Durrett & Hardin, of Baton Rouge, and M. C. Scharff, of New Orleans, for plaintiff(relator)-appellee.

O'NIELL, Chief Justice.

The Louisiana Real Estate Board and the Department of Occupational Standards are appealing from a judgment ordering them to issue to the relator, Ignatius E. Uzzo, a license to engage in the business of real estate broker.

The Louisiana Real Estate Board was created by Act No. 236 of 1920. The act was amended by Act No. 175 of 1936 and again by Act No. 268 of 1940. The Department of Occupational Standards was created by Act No. 13 of 1942, and the Louisiana Real Estate Board was thereby merged into and consolidated with the Department of Occupational Standards.

Section 11 of Act No. 236 of 1920, as amended by Section 1 of Act No. 175 of 1936, provides: "All applications for licenses shall be made in writing to the Board. * * * The Board shall have the right to prescribe the form of application for all licenses. The Board is hereby authorized to require and procure any and all satisfactory proof as shall be deemed desirable in reference to the honesty, truthfulness and reputation of any applicant for the real estate broker's or salesman's license, or. of any of the officers or members of any such applicant prior to the issuance of any such license. Every applicant for a broker's license must furnish satisfactory proof to the Board that he has resided within this State for a period of not less than six months. The Board is expressly vested with the power and authority to make, prescribe and enforce any and all such rules and regulations connected with the application for any license, as shall be deemed necessary to administer and enforce the provisions of this Act. Upon compliance with the provisions of this Act and with the rules and regulations of the Board as herein authorized, the Board shall issue the license applied for. When any applicant shall have made prima facie showing entitling him to any specified license from the Board, the secretary of said board shall have authority to issue such license during any recess of the Board subject to the subsequent action of the Board."

Ignatius E. Uzzo is a licensed and practicing attorney at law, residing in New Orleans. He is a member in good standing of the Louisiana State Bar Association, and of the American Bar Association and of the New Orleans Bar Association. On October 23, 1944, he addressed a letter to the Louisiana Real Estate Board and to the Department of Occupational Standards informing them that he was applying for a real estate broker's license, and he enclosed his application, made on the form prescribed and furnished by the real estate board, together with the required fee of $10. In response to the letter the Director of the Department of Occupational Standards wrote to Uzzo advising him that he should furnish in connection with his application a bond for $10,000, as stated in the printed form of application. Uzzo replied on October 25, 1944, advising the Director of the Depart-

ment of Occupational Standards that he, Uzzo, would furnish the bond for $10,000, with a surety company authorized to do business in Louisiana as the surety on the bond, upon being advised that his application for the license had been approved. Uzzo received no answer to the letter, and inferred that the Louisiana Real Estate Board and the Department of Occupational Standards was willing to have him defer furnishing the bond until his application would be acted upon. In the printed form of application, signed by Uzzo, it was declared that the applicant attached the bond to his application; but as far as we know, there is no law forbidding the board to waive the furnishing of the bond until the application is acted upon by the board. As the board acted upon Uzzo's application without requiring him to attach the bond to his application, and as the board rejected the application on the ground solely that the applicant was a practicing attorney at law and that his vocation therefore was not that of a real estate broker, Uzzo's failure to attach the bond to his application, or to furnish it in advance of the board's acting upon the application, has become a matter of no importance.

All of the information that was required of the applicant by Section 11 of Act No. 236 of 1920, as amended by Section 1 of Act No. 175 of 1936, and all that was required in the application furnished by the board, was given in the application.

Uzzo was advised of the rejection of his application, and of the reason therefor in a letter from the Director of the De-

partment of Occupational Standards, dated November 8, 1944, declaring: "The Louisiana Real Estate Board has requested me to advise you that at its meeting held in Baton Rouge on Monday, November 6, 1944, the Board disapproved your application for a broker's license, due to the fact that you are a practicing Attorney and your vocation is not that of Real Estate business."

On December 11, 1944, Uzzo wrote to the Director of the Department of Occupational Standards, saying that he, Uzzo, had examined the statutes on the subject and had failed to find any prohibition against the issuing of a real estate broker's license to an attorney at law, or to any person having any other occupation than that of real estate broker. Uzzo enclosed in his letter to the director an opinion from an assistant attorney general. The opinion rendered by the assistant attorney general was dated October 26, 1944, was addressed to the Director of the Department of Occupational Standards, and conformed with Uzzo's contention that there was no legal authority for denying a person a license to engage in the business of real estate broker on the ground merely that he was an attorney at law, or that he had any other vocation not related to the real estate business. The opinion was one which the assistant attorney general had given to the Director of the Department of Occupational Standards, in response to a letter written by the director to the Attorney General on October 25, 1944, requesting an opinion on the subject.

On December 12, 1944, the Director of the Department of Occupational Standards addressed another letter to Uzzo, referring to his letter of December 11, 1944, and saying that at a meeting of the real estate board held on November 6, 1944, the opinion of the assistant attorney general rendered to the director on October 26, 1944, was presented to the board, and that after due deliberation the board declined to instruct the director to issue a real estate broker's license to Uzzo, for the reason that he was a practicing attorney and that his vocation therefore was not real estate business.

█ Inasmuch as Section 11 of Act No. 236 of 1920, as amended by Section 1 of Act No. 175 of 1936, does not forbid a person who is a practicing attorney at law, or who is a member of any other profession or has any other vocation or calling, to be licensed to carry on also the business or vocation of a real estate broker, our opinion is that the board is not justified in withholding the license from one who has complied with all of the requirements of the statute, on the ground merely that he is a practicing attorney at law, or that he has another vocation, not related to the real estate business. We refer particularly to the concluding part of Section 11 of the statute, as amended, viz.: "Upon compliance with the provisions of this Act and with the rules and regulations of the Board as herein authorized, the Board shall issue the license applied for. When any applicant shall have made prima facie showing entitling him to any specified license from the Board, the secretary of said board shall have authority to issue such license during any recess of the Board subject to the subsequent action of the Board."

█ Although the only issue raised by the pleadings in this case, and by the reason for which the board declined to issue the real estate broker's license to the relator, was whether the applicant's being a practicing attorney at law was a sufficient reason for his being denied the license of a real estate broker, other issues were injected in the trial of the case. For example, it was contended on the trial that the applicant had not made a full and frank answer to one of the questions in the form of the application which he had made to the board. The question in the printed application was: "15. Have you ever been convicted of any criminal offense, or is there any criminal charge pending against you, or has any member of your firm or any officer of your association or corporation ever been so convicted, prosecuted or indicted?" The applicant answered: "No". On the trial of the case, the relator, as a witness in his own behalf, on cross-examination, admitted that in a personal difficulty which occurred about 15 years ago he inflicted a wound upon a man from which the man died about a week afterwards; that he, the relator, was prosecuted for manslaughter and was acquitted by the jury on a plea of self-defense. The relator declared that it did not occur to him that his having been prosecuted and acquitted of manslaughter was relevant to the question in the application for the license, whether he

had ever been convicted of any crime or offense, or whether there was any criminal charge pending against him, or whether any member of his firm or any officer of his association was ever convicted, prosecuted or indicted. In fact the plaintiff's answer, No, to those questions, was not untruthful or evasive. He had not been convicted of any crime or offense and there was no criminal charge pending against him at the time when he answered the question; and the question as to whether any member of any firm, or any officer of any association or corporation with which he might have been connected, had ever been convicted, *prosecuted* or *indicted,* had reference, apparently, not to Uzzo himself but to any one associated with him in business. Our opinion therefore is that the answer, No, to those questions was not untruthful, and not so lacking of frankness as to disqualify the applicant for a license to conduct the business of real estate broker. The case cited by the appellants, Zerlin v. Louisiana Real Estate Board, 158 La. 111, 103 So. 528, 529, is not appropriate. In that case the applicant for a real estate broker's license answered "No" to the same stereotyped question, No. 15, to which the applicant in the instant case answered "No". But in Zerlin's case there was pending in the criminal court at the time when Zerlin signed the application for a real estate broker's license a bill of information filed by the district attorney charging Zerlin with the crime of grand larceny. After his application for the real estate broker's license was approved by the board he entered a plea of guilty of the crime of grand larceny and was sentenced to imprisonment at hard labor in the penitentiary, which sentence was suspended by the judge who imposed it. Upon learning of these facts the real estate board immediately revoked Zerlin's real estate broker's license. He sued to rescind the action of the board and to have his license reinstated. He pleaded that at the time when he answered "No" to the question whether there was any criminal charge pending against him he had been informed, or at least was under the impression, that the charge of grand larceny which had been brought against him had been withdrawn or dropped. In the course of the opinion rendered by this court, affirming the judgment of the district court, rejecting Zerlin's demand, it was said:

"The answer which Zerlin gave to the question was palpably and knowingly false. It was both a deliberate misrepresentation as to facts and a concealment of facts which the real estate board had a right to know. * * *

"The failure of plaintiff to give all the facts with reference to the charge, whether he believed the charge had been withdrawn or not, was plainly misleading and amounted to a concealment. * * * It is not unfair to assume that his purpose was to withhold from the board information the board was entitled to know and which he was bound to know, if given by him, would have resulted in the rejection of his application."

We have no doubt that the motive of the real estate board in rejecting the ap-

plication of the realtor in this case was sincere, the purpose being merely to maintain a high standard for the vocation of the real estate brokers,—the idea being that they shall devote their time and attention exclusively to their vocation as real estate brokers. But the statute does not justify the board's rejecting an application for a real estate broker's license on the ground merely that the applicant is a practicing attorney at law. If the board is to have authority to exclude members of the profession of law, or of any other profession or vocation, in the granting of licenses to real estate brokers, the matter is something for the Legislature to consider primarily.

The judgment is affirmed.